Stanton *v*. Est. of Stanton.

HENRY STANTON, *Appellant, v.* ESTATE OF E. G. STANTON.

*Statute of Limitations. Promissory Note.*

The plaintiff's note in which he promised to pay S. " four hundred dollars in produce or wood from the farm on demand as he may want to use the same," had run for over twelve years without any demand having been made. *Held*, that it was not barred by the statute of limitations.

Where the instrument itself indicates that the calls for payment are to be indefinitely prospective, and to be made as may suit the wants and convenience of the payee, there is no ground furnished upon which the law can assume any fixed point, as a limit to reasonable time for making a demand, and therefrom give operation to the statute of limitations.

APPEAL from the probate court. This case was heard upon a case stated, hereto annexed. The court, September Term, 1864, PIERPOINT, J., presiding, *pro forma* rendered judgment for the defendant, affirming the judgment of the probate court,—to which the plaintiff excepted.

Agreed case :—It is agreed that the annexed note was executed and delivered by the plaintiff to the intestate at its date for full and valuable consideration ; that it has never been paid nor has any part of it ; and that no demand or request for its payment was ever in fact made.

The maker of the note sold and conveyed his farm about the year 1857, retaining however some farming lands, which he still owns.

If, upon these facts the court is of opinion that the note is not barred by the statute of limitations or otherwise, the judgment of the probate court is to be affirmed ; but if the court shall adjudge that the note is so barred, the amount of it is to be deducted from the amount allowed by the commissioners, and probate judgment affirmed for the balance.

The intestate died September 12th, 1862.

Copy of the note :—$400.—For value received I promise to pay E. G. Stanton, four hundred dollars in produce or wood from the farm on demand as I may want to use the same, on interest.

Painsville, July 27th, 1850.

H. STANTON,

*Russell S. Taft*, for the plaintiff.

The law in this state is well settled that contracts for the delivery of specific articles having the form of promissory notes are entitled to all the properties of such instruments, except, perhaps, a lack of negotiability, and after such notes become due, are treated as notes for so much money, and consequently in this case after a reasonable time for demand had elapsed the note of the plaintiff became a money note and the statute commenced running. *Bragg* v. *Fletcher et al.*, 20 Vt. 351; *Perry* v. *Smith*, 22 Vt. 301; Angell on Lim., 94; *Doe* v. *Thompson*, 2 Foster, 217; *Stafford* v. *Richardson*, 15 Wend. 302; *Lyle* v. *Murray*, 4 Sandf. 590; *Codman* v. *Rogers*, 10 Pick. 112; *Laforge* v. *Jayne*, 9 Penn. 410; *The Pittsburgh & Connelsville Rail Road Co.* v. *Byers*, 32 Penn. 22; *Morrison's Adm'r* v. *Mullin*, 34 Penn. 12.

*Hard & Ballard*, for the defendant.

The note is not barred by the statute of limitations. The general rule is, that the statute commences to run against a claim only from the time when the creditor has a perfect and complete right to commence an action. If a demand is necessary to perfect a claim, the statute only runs from the time when a demand is made. *Staniford* v. *Tuttle*, 4 Vt. 82; Angell on Lim. 37; Chitty on Con. (10th Am. Ed.) 917; 2d Parsons on Con. 370.

In the case of promissory notes payable on demand in *money*, the rule is that the payee's right of action is complete from the time of the delivery of the note, hence the statute commences to run from that time. *Kingsbury* v. *Butler*, 4 Vt. 458.

But in the case of promissory notes payable in *specific articles*, if payable generally on demand, the authorities are, that a demand is necessary before the payee's right of action is complete, and hence in such cases the statute commences to run only after a demand has been made. *Elkins* v. *Parkhurst*, 17 Vt. 105; *Russell* v. *Ormsbee*, 10 Vt. 274; *Chandler* v. *Windship*, 6 Mass. 310; *Lobdell* v. *Hopkins*, 5 Cowen, 516; *Stevens et al.* v. *Adams*, 45 Maine, 611; Chipman's Contracts, 49, 228; *Lincoln* v. *Purcell*, 2 Head. (Tenn.) 20 U. S. Dig. 644.

The language of the note strongly indicates that the parties *in-*

*tended* that a demand should be made before any payment was expected.

BARRETT, J. The only question made in argument is whether upon the facts agreed the note in question is barred by the statute of limitations.

The ground on which it is claimed that the note is barred by the statute is, that it was the duty of the payee to demand the pay in a reasonable time; that, in the absence of any proof upon the subject, the law will assume six years as the limit of such reasonable time, and that, in case no demand is made within that period, the statute will begin to run at the expiration of that period.

In the view we take of this case, it seems unnecessary to enter upon a discussion of it in the light of the authorities cited and relied upon by the counsel for the plaintiff; for, though those cases should be regarded as a true exposition and just application of the law, it seems to us that this case, upon its facts, does not fall within them.

The note in this case bears upon its face evidence of the understanding and intention of the parties that the payment was to be called for and made, along from time to time, and when the payee might want to use produce or wood, either or both. It is plain that there is a clerical mistake in using " I " instead of " he " preceding the words " may want to use," &c.

This being so, it is impossible to hold, upon any plausible reason, that it stands upon the same ground, and subject to the same consideration, as if payable on demand. If payable on demand, there might be good warrant for holding, in the absence of any showing of reason for neglecting to make a demand for six years or more, that such delay was unreasonable, and that the statute should begin to run at the expiration of six years. But when the instrument itself indicates that the calls for payments were to be indefinitely prospective, and to be made as might suit the wants and convenience of the payee, there is no ground furnished upon which the law can assume any fixed point, as a limit to reasonable time for making a demand, and therefrom give operation to the statute of limitations.

If the plaintiff would render effective in his own behalf his claim that the statute should begin to run from the expiration of reasonable time for making demand of payment, it would be incumbent on

him, either to show, as matter of fact, when such reasonable time expired, or to show a state of facts upon which the law would assume a limit to such reasonable time. For the want of this in the present case, the court are unable to hold that the note became barred by the statute of limitations.

Upon the agreed case, therefore, effect is to be given to the note according to the judgment of the probate court.

We have designedly omitted a discussion, or indicating any opinion upon several points made in the argument by the learned counsel for the parties, regarding it more proper and more serviceable to the interests of jurisprudence to reserve that labor for cases in which it becomes necessary for their legitimate disposition.

Judgment affirmed.