JOHN RHIND *vs.* E K. HYNDMAN, and others.

*Joint Contract to transfer Stock on or after a Certain day when demanded—Sufficiency of a demand upon one of the Joint contractors—Statute of Limitations—Time of accrual of the Cause of Action.*

A., B. and C. by a contract made jointly with D., on the 29th of March, 1875, agreed for the consideration therein stated to transfer to D., *on or after the 15th day of October*, 1875, shares of certain stock sufficient to amount to $500, at the market price of said stock when the transfer should be demanded. A demand for the transfer was made upon *one* of said joint contractors on the 11th day of July, 1878. HELD:

1st. That the joint contractors, not being partners, and the contract not being a negotiable instrument, the demand upon one was sufficient to bind all.

2nd. That the cause of action did not accrue until demand was made, and under the Statute of Limitations, 1 Code, Art. 57, sec. 1, the action might be commenced or sued on within three years from that time.

APPEAL from the Circuit Court for Allegany County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, ROBINSON and IRVING, J., for the appellees, and submitted on brief for the appellant.

*Johns McCleave* and *A. Hunter Boyd,* for the appellant.

*J. H. Gordon,* for the appellees.

Rhind *vs.* Hyndman, *et al.*

BARTOL, C. J., delivered the opinion of the Court.

This suit was brought by the appellant against the appellees on the 19th day of June 1879. The contract sued on, is alleged in the declaration to have been made with the appellant, by the appellees jointly, on the 29th day of March 1875, whereby the appellees agreed, for the consideration therein stated, to transfer to the appellant *on or after the* 15*th day of October* 1875, shares of stock of the Empire Coal Company of Allegany County, sufficient to amount to $500, at the market price of said stock, when the transfer should be demanded.

The declaration in the *first* and *third counts* alleged a demand for the transfer of the stock, made upon Hyndman, one of the appellees, on the 11th day of July 1878. The demurrer to these counts was sustained.

The *sixth* plea of the appellees alleges " that the said stock was demandable by the said plaintiff immediately after the fifteenth day of October 1875, and it was the duty of the plaintiff to demand the same within a reasonable time after said fifteenth day of October, and more than three years expired after the end of such reasonable time for making said demand, and before the bringing of this suit."

To this plea the appellant demurred, the demurrer was overruled, and judgment being entered for the defendants, the plaintiff has appealed.

Two questions are presented for our decision:

1st. Is a demand made upon one of several joint contractors, not partners, for the performance of a contract to be performed on demand, sufficient to bind all the joint contractors, the joint contract not being a negotiable instrument?

2nd. From what time does the Statute of Limitations begin to run, against an action upon a contract not negotiable, to be performed on demand?

1st. Where joint contractors are partners, it is well settled that a demand on one is sufficient to bind all.

Rhind *vs.* Hyndman, *et al.*

Where no such partnership exists, but the parties are jointly bound, a distinction has been made between negotiable instruments and joint contracts not negotiable.

With respect to the former, many cases have been cited by the appellees showing that in order to bind the endorsers, a demand must be made upon each one of the joint drawers, and that a demand on one is not sufficient; and in the same manner where there are joint endorsers, not partners, notice of dishonor must be given to each. On this subject the authorities nearly all concur ; the case of *Harris vs. Clark,* 10 *Ohio,* 5, where the contrary was held, may be considered exceptional.

The reasons for the rule are very well stated by Swift, Ch. J., and Goddard, J., in *Shepard vs. Hawley,* 1 *Conn.,* 367. The reasons which govern the liability of parties upon negotiable paper have not been held applicable to joint contracts, which are not within the law merchant.

In *Chitty's Pl.,* (16*th Am. Ed.,*) 340, *note,* it is said: "Where a previous demand is necessary to maintain a suit against two joint promisors, it is sufficient to aver a demand on one." For this are cited *Griswold vs. Plumb,* 13 *Mass.,* 288, and *McFarland vs. Crary,* 8 *Cowen,* 253.

In *McFarland vs. Crary* the joint contractors were partners, it is therefore inapplicable. But in *Griswold vs. Plumb* the point was distinctly decided. There two persons became bailees of goods, to be delivered on demand, and it was held that a demand on one was sufficient, their undertaking being joint. The law is stated in the same way in 1 *Waite on Actions and Defences,* 395. In *Holbrook vs. Holbrook,* 15 *Maine,* 9, it was held, "If two are jointly liable a demand made upon, or notice given to one, is equally binding on both."

In 3 *Comyn Dig. L., page* 120, it is laid down "that if several are bound by obligation, covenant, &c., to do an act upon notice to them, notice to one is sufficient." *Terry & Lowe vs. Reding, Moore's (K. B.) R.,* 555.

In *Whitcomb vs. Whiting,* 2 *Doug.,* 652, it was decided that part payment by one of several joint promisors on a note, was good to remove the bar of the Statute against all the joint contractors.

That decision was followed by *Perham vs. Raynal,* 2 *Bing.,* 306, and *Burleigh vs. Scott,* 8 *B. & Cres.,* 36. And Mr. Greenleaf says, though sometimes questioned, seems now firmly established. 1 *Greenleaf Ev.,* sec. 174, *(note).*

In *Ellicott vs. Nichols,* 7 *Gill,* 104, the Court say, in speaking of *Whitcomb vs. Whiting,* "The promisors were subjected to a joint and common responsibility ; under such circumstances, it might well be maintained, that a payment made by one of the parties to the note, was a payment made for the benefit of all." And on page 106, referring to the same case, the Court say, "because at the time of the payment, the parties were jointly liable for the debt, and one might, therefore, be considered as the agent of the other with respect to the debt." This reasoning seems to us to apply to the point under consideration.

For many purposes the law treats joint contractors as one person. A release to one is a release to all ; when jointly interested in the contract, one cannot sue without the others ; nor can one be sued without the others ; and we think, both upon reason and authority, a demand on one was a demand on all. It follows that it was error to sustain the demurrer to the *first* and *third* counts of the declaration.

2nd. To determine the second question, we must refer to the language of the Statute. This provides that "the action shall be commenced or sued within three years *from the time the cause of action accrues."* 1 *Code, Art.* 57, *sec.* 1. The contract sued on in this case was to be performed "on or after the 15th day of October, 1875, when the same should be demanded." The cause of action, therefore, did not accrue until demand was made.

Rhind *vs.* Hyndman, *et al.*

According to the terms of the Statute, limitations would begin to run from that time.

This has been repeatedly decided.

In *Holmes vs. Harrison*, 2 *Taunt.*, 323, in the King's Bench, the note sued on was payable after sight; it was held that suit was not barred till six years after it had been presented for payment. A similar decision was made in *Topham vs. Bradick*, 1 *Taunt.*, 571, (in the Common Pleas.

These decisions were followed by *Thorpe vs. Combe*, 8 *Dow. & Ry.*, 347, where the note, dated in 1810, was payable two years after demand. It appeared that demand was made on the 18th day of June, 1823. BAYLEY, J., said, "I am clearly of opinion that the Statute of Limitations did not begin to run until two years after demand of payment of this note had been made. Here the cause of action did not arise until the two years after demand had elapsed, and consequently the Statute affords the defendant no protection." The other Judges concurred.

The doctrine of *Holmes vs. Harrison*, has been often recognized in this country. *Stanton vs. Est. of Stanton*, 37 *Verm.*, 411; *Thrall vs. Mead*, 40 *Verm.*, 540; *Little vs. Blunt*, 9 *Pick.*, 49; *Wenman vs. Mohawk Ins. Co.*, 13 *Wend.*, 267; *Wolfe vs. Whiteman*, 4 *Harr.*, (*Del.*,) 246. Other cases might be cited.

In *Fells' Point Savings Institution vs. Weedon*, 18 *Md.*, 326, on a certificate of deposit payable on demand, it was said "the Statute began to run, when demand was made."

In support of a different doctrine, the counsel for appellees have cited several cases, in which it has been held that where the contract is to be performed on demand, if the demand be unnecessarily delayed beyond the time limited by the Statute, the action will be barred.

Thus in *Pittsburg & Connellsville R. R. Co. vs. Ryers*, 32 *Pa. St.*, 22, which was a suit to recover upon a sub-

scription to stock; the Court said, although the Statute of Limitations does not begin to run against a subscription to the stock of a railroad company, till after calls are made for instalments, yet when no call is made for more than six years from the date of the subscription, the law will presume an abandonment of the enterprise, and from analogy to the Statute, bar the recovery. So in *Morrison vs. Mullin,* 34 *Pa. St.,* 12, it was decided that " where a demand was necessary to found an action upon, the demand was barred unless made in six years, and the right of action extinguished by the delay." That decision was followed and approved in *Palmer vs. Palmer,* 36 *Mich.,* 487.

The cases in Pennsylvania and Michigan were not strictly decisions at law on the construction of the Statute; they were decided by Courts exercising equitable jurisdiction, and consequently stand upon different grounds. Like *Codman vs. Rogers,* 10 *Pick.,* 112, and *Little vs. Blunt,* 9 *Pick.,* 490, cited by the appellees, where the equitable doctrine of *laches* was applied. In *Little vs. Blunt,* the legal rule was recognized. The Court say: " But if the promise had been of a collateral thing, which would create no debt until demand, it might be otherwise. It is clear that where no action will lie without a previous demand * * * * * * in all such cases, no cause of action accrues until after demand made, and the Statute of Limitations will begin to run from the time of the demand, and not from the time of the promise. This distinction is obvious and will reconcile all the cases."

It follows from what we have said that in our judgment the sixth plea was not good, and the demurrer thereto ought to have been sustained.

*Judgment reversed, and*
*new trial ordered.*

(Decided 28th July, 1880.)