CHARLES P. THOMPSON, administrator, *vs.* WILLIAM
C. DOLLIVER.

Essex. Nov. 1, 1881. — Jan. 5, 1882. MORTON & ALLEN, JJ., absent.

A receipted bill of parcels of chattels, purporting on its face to be as security for
a debt, is a pledge, and not a mortgage; and if the pledgee, after receiving
possession of the chattels, permits the pledgor to resume possession of them
and to hold them until his death, he cannot by then taking possession of them,
defeat the right of the administrator to maintain against him an action for
their conversion.

TORT by the administrator of John Coakley for the conversion of four carriages. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, upon agreed facts, in substance as follows:

Coakley, being indebted to the defendant, for money lent and on account of a promissory note, which the defendant indorsed and has since paid, delivered to him a receipted bill of parcels of the carriages in question, which stated on its face to be "for security for end. notes and cash." This paper has not been recorded. At the time it was given, Coakley went with the defendant to the place where the carriages were, pointed them out to him, and said that he delivered them to him. The defendant left the carriages in the possession of Coakley, with the agreement that he might use and let the same in his business. The property so remained in Coakley's possession until his death, soon after which, and before the plaintiff was appointed administrator, the defendant took possession of them.

At the time the paper was given, the defendant had no reason to believe that Coakley was insolvent; but his estate is now being settled as an insolvent estate in the Probate Court. The plaintiff made a demand in due form upon the defendant for the carriages.

If, on these facts, the plaintiff was entitled to recover, judgment was to be entered for him in the sum of $775; otherwise, for the defendant.

*C. P. Thompson, pro se.*

*S. B. Ives, Jr. & H. N. Woods,* for the defendant.

DEVENS, J. It is important to consider whether the transaction between Coakley, the plaintiff's intestate, and the defendant is to be treated as, between the parties, a pledge of property for the security of the defendant, or as a mortgage to him. While the distinction between these two forms of security is well defined, yet, owing to the haste with which transactions are often made, and to the meagreness or abbreviations of the written papers which accompany them, it is not easy always to determine what character is properly to be attributed to them. In *Ward* v. *Sumner*, 5 Pick. 59, it is said that whether the transaction there considered should be treated as a mortgage or a pledge must often depend upon the intent of the parties. In that case there had been a conveyance of furniture upon the condition that the deed should be void if the grantor should hold the grantee harmless from certain indorsements made by him, and it was held that the fact that there had been no delivery of the property was decisive that it was a mortgage, and not a pledge. By a mortgage, the granted property passes to the grantee, subject to be revested in the grantor by the performance of the condition. By a pledge, the pledgee acquires a special property only in the article pledged, the general title remaining in the pledgor. That which the pledgee has is a lien only, and to the existence of this lien possession is essential. Without possession there is no pledge, and if, having obtained this, the pledgee parts with it voluntarily, it is a relinquishment by him of his security. *Howes* v. *Crane*, 2 Pick. 607. *Walker* v. *Staples*, 5 Allen, 34.

The bill of parcels made to the defendant purported to transfer the carriages which were the subject of it, but it also stated that it was "for security for end. notes and cash," Coakley being then indebted to him, and the defendant also having indorsed notes for him. A bill of parcels given as collateral security only, under which the articles transferred are at once delivered, has all the characteristics of a pledge. The only property intended to be passed is the special property which the pledgee derives from possession. The form here used was not that of a mortgage; there was no defeasance or agreement to reconvey connected with or forming a part of it. We do not perceive

how, in favor of the defendant, the case can be distinguished from *Walker* v. *Staples, ubi supra.* In that case, a bill of sale absolute in its terms had been made to the plaintiff by one Howe, and the property delivered to him. It had been agreed by the plaintiff that he would hold the property as security for indorsing a note of Howe, which he was afterwards compelled to pay, and the transaction was held to be a pledge only.

When the defendant, after the formal delivery to him, returned the property to the hands of the pledgor, permitted him to use and let it in his business, and allowed it thus to remain in the possession of the plaintiff's intestate up to the time of his death, he abandoned the rights which he had acquired. *Walker* v. *Staples, ubi supra.* *Howes* v. *Crane, ubi supra.* *Kimball* v. *Hildreth,* 8 Allen, 167. He could not regain these rights by taking possession of the property after the decease of the plaintiff's intestate, but stood in the same position as his other creditors.                    *Judgment affirmed.*