EDWARD P. SHAW *vs.* FREDERIC A. SILLOWAY.

Essex. Nov. 5, 1887. — Jan. 5, 1888. DEVENS & KNOWLTON, JJ., absent.

Where a debtor executes a collateral agreement to deliver, on demand, certain property as security for the payment of a debt, a demand made after the debt is barred by the statute of limitations is too late.

TORT. Writ dated March 8, 1886. The declaration contained two counts. The first count was for the conversion of one horse, one buggy, one wagon, one sleigh, and eleven pieces of furniture. The second count alleged that, on June 10, 1878, the defendant executed the following agreement: " I, Frederic A. Silloway, in consideration of the receipt of two hundred and twenty-four dollars on my note of this date, payable to Edward P. Shaw, or to his order, in four months from date, I herewith consign for sale to Edward P. Shaw the following merchandise, and as security for the payment of said note and all contracts due from me payable to the order of said E. P. Shaw, and the proceeds of all sales of merchandise herewith consigned, and to satisfy full payment of all contracts said Shaw may hold against me, payable to his order. Consignment." Then followed a list of the chattels set forth in the first count, and these words: " All stored in house and barn, 14 Fruit St., which I will deliver on demand of said E. P. Shaw. F. A. Silloway."

The second count further alleged that this agreement was given as security for the payment of a promissory note of even date with said agreement, and as security for the payment of all contracts due and payable from the defendant to the plaintiff; that these contracts were two promissory notes, signed by

the defendant and payable to the plaintiff, each being dated October 12, 1878, for the sum of $89, payable four months after date; that the defendant owed the plaintiff a certain sum on these two notes; that the defendant had refused to deliver to the plaintiff the chattels set forth in said agreement, though requested so to do; and that he had within six years converted the same to his own use, and deprived the plaintiff of his security.

Trial in the Superior Court, without a jury, before *Hammond*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff's evidence tended to show the following facts: On June 10, 1878, the defendant made and delivered to the plaintiff a promissory note, payable in four months to the plaintiff or his order, for $224, and executed and delivered to the plaintiff, at the same time, the instrument declared on. The chattels enumerated in said instrument were then in the defendant's possession, and continued in his possession up to the time of the trial. When the note of June 10, 1878, became due, the plaintiff paid a part of it, and gave for the balance the two notes, dated October 12, 1878, described in the declaration.

The defendant proved that the plaintiff brought an action against him in the Superior Court, wherein he declared upon said notes of October 12. The answer in said action was a general denial, and the statute of limitations. After hearing, a verdict and a judgment for the defendant were rendered. Neither party introduced any evidence showing upon what ground this verdict was rendered.

The plaintiff testified that in October, 1886, he made a demand upon the defendant for the goods enumerated in the instrument of June 10, 1878. This testimony was not contradicted or controlled. The plaintiff also testified that the said new notes had never been paid.

The defendant asked the judge to instruct the jury as follows: "1. There is no evidence of a conversion, and for that reason there must be a finding for the defendant on the first count. 2. The action cannot be maintained, on the evidence, on either count. 3. The statute of limitations is a bar to this action. 4. The evidence and the writ showing that no demand was made for the goods described in the writing dated July 10, 1878,

until after more than six years from its date, and that no action was brought until after six years from its date, this action is barred. 5. The writing of July 10, 1878, does not secure the payment of the two notes of October 12, 1878."

The judge declined to give the rulings requested, except the first; and ruled that the action could be maintained. He also found, as a fact, that the demand in October, 1886, was within a reasonable time, and ruled that the statute of limitations was not a bar to the action. He accordingly found for the defendant on the first count, and for the plaintiff on the second count; and assessed damages in the sum of $158. The defendant alleged exceptions.

*W. H. Moody*, for the defendant.

*A. Noyes*, for the plaintiff.

C. ALLEN, J. The instrument upon which this action is brought is not clearly expressed, but its purpose and meaning seem to be reasonably plain. The defendant executed his promissory note for $224 to the plaintiff, and on the same day also executed and delivered to the plaintiff this instrument, reciting the receipt of $224 on his note, and consigning for sale to the plaintiff the personal property therein mentioned as security for the payment of the note and of all contracts due from him and payable to the plaintiff's order. The property in question consisted chiefly of a horse and vehicles; articles which would naturally be used by the person in possession of them. The instrument contained a promise to deliver this property to the plaintiff on demand. This shows that it was not necessarily to be delivered at once, and that it was contemplated that the defendant might remain in possession of it until a demand should be made. It must also have been understood that the defendant might himself sell part of the property, since the words "and the proceeds of all sales of merchandise herewith consigned" can only refer to sales by the defendant.

This instrument did not amount to a mortgage. There are no words in it which import a transfer of the legal title to the plaintiff; and there are no words of defeasance. It has been held that a bill of parcels, which contains no words of defeasance, and which is intended merely as security, if accompanied by delivery, is at most only a pledge, and is not a mortgage.

*Thompson* v. *Dolliver*, 132 Mass. 103.   *Walker* v. *Staples*, 5 Allen, 34.   *Whitaker* v. *Sumner*, 20 Pick. 399.   But the instrument now before us does not purport to convey the title ; it is merely a consignment for sale.. If possession of the property had accompanied the delivery of the instrument, the transaction would have been a pledge.   The fact that possession was retained by the defendant did not have the effect to make the instrument a mortgage.   The instrument, therefore, is merely a power of sale, with an agreement to deliver the property on demand, or the proceeds in case the property or any part of it should be sold by the defendant.   Meanwhile he was to keep the possession until a demand by the plaintiff.   It is an agreement to make a pledge as security for the demands referred to.   This did not devest the defendant's title ; it did not even create a lien.   It would not authorize the plaintiff to take possession of the property, without the defendant's consent.   It was a mere executory agreement.   The property might have been sold by the defendant, or attached upon a writ against him.   The contract might or might not be enforceable in equity, according to the circumstances. *City Ins. Co.* v. *Olmsted*, 33 Conn. 476.   *Beeman* v. *Lawton*, 37 Maine, 543.

When the defendant's note fell due, it was partly paid in cash, and new notes were given to the plaintiff for the unpaid balance.· These have never been paid.   The finding of the court necessarily implies that these notes cannot be deemed to have been taken in payment of the original note, in such a sense as to destroy the security of the defendant's agreement.   But the new notes, as well as the original note, are now barred by the statute of limitations, and an action brought upon them was defeated, as we must infer, on that ground.   And this was the state of things at the time of the plaintiff's demand, under the agreement.   The question, therefore, is, whether the action can be maintained upon the agreement, after the debts to be secured have become barred by the statute of limitations, and have been adjudged to be barred ; or whether the agreement falls with the right to enforce the debt.

If there is an actual pledge, and the debt becomes barred, this does not give to the debtor a right to reclaim his pledged property.   The debt is not extinguished ; the statute only takes

away the remedy. *Hancock* v. *Franklin Ins. Co.* 114 Mass. 155.
In case of an ordinary mortgage of real or personal estate, the
security is not lost, though the debt be barred. *Norton* v.
*Palmer*, 142 Mass. 433. The rule is the same where there is
a lien. *Spears* v. *Hartly*, 3 Esp. 81. *Higgins* v. *Scott*, 2 B. &
Ad. 413. *In re Broomhead*, 16 L. J. (Q. B.) 355. In New
York it has even been held, under the statutes of that State,
that the lien of a judgment is not lost, although an action upon
the judgment is barred. *Waltermire* v. *Westover*, 4 Kern. 16.
And there appears to be no good reason why an independent
collateral agreement given by way of guaranty or other security
should not outlive the remedy upon the debt which it was given
to secure, under proper circumstances.

It is however objected, in the present case, that the demand
was made too late. The question has often arisen elsewhere,
whether a court of law can properly lay down a general rule,
that where a demand is necessary, as preliminary to the bringing
of an action, such demand must be made within a reasonable
time, and that, by analogy to the statute of limitations, six years
should ordinarily be considered as a reasonable time. Such rule
has been repudiated, or at least not acted upon, in the following
cases: *Holmes* v. *Kerrison*, 2 Taunt. 323; *Thorpe* v. *Coombe*,
8 Dowl. & Ry. 347; *Rhind* v. *Hyndman*, 54 Md. 527; *Taylor* v.
*Witman*, 3 Grant, (Penn.) 138; *Girard Bank* v. *Bank of Penn*,
39 Penn. St. 92. It has been adopted in the following cases:
*Pittsburgh Railroad* v. *Byers*, 32 Penn. St. 22; *Morrison* v.
*Mullin*, 34 Penn. St. 12; *Rhines* v. *Evans*, 66 Penn. St. 195;
*Palmer* v. *Palmer*, 36 Mich. 487; *Atchison, Topeka, & Santa Fé
Railroad* v. *Burlingame*, 36 Kans. 628. See also *Stanton* v.
*Stanton*, 37 Vt. 411; *Thrall* v. *Mead*, 40 Vt. 540; *Keithler* v.
*Foster*, 22 Ohio St. 27; *Jameson* v. *Jameson*, 72 Mo. 640; *Brown*
v. *Rutherford*, 42 Law T. (N. S.) 659; *S. C.* on appeal, *nom.
In re Rutherford*, 14 Ch. D. 687.

This question has not been determined in Massachusetts. *Cod-
man* v. *Rogers*, 10 Pick. 112, was a case in equity, and the doc-
trine declared was merely the ordinary doctrine of laches in
equity. See also *Western Union Telegraph Co.* v. *Caldwell*, 141
Mass. 489, 494. In *Emmons* v. *Hayward*, 6 Cush. 501, the agree-
ment contained a stipulation that the demand should not be

made until the plaintiffs, who were assignees under an assignment for the benefit of creditors, should make up their accounts, and they were prevented from doing this until the expiration of thirteen years from the date of the agreement, by reason of proceedings in equity instituted against them by the defendant. Under these circumstances, a demand having been made within about fourteen months after the termination of the suit in equity, it was held that the defendant could not be allowed to object that it was not made within a reasonable time.    In *French* v. *Merrill*, 132 Mass. 525, it was held that an officer who held the avails of property sold under an attachment could not be allowed to object that a demand made upon him for the same, by the party entitled thereto, after the lapse of eleven years, was too late, as the funds were in the custody of the law, whose officer he was.

We have no occasion to determine the general question here, because we are of opinion that where, as in the present case, there is merely a separate collateral agreement to deliver, on demand, certain property as security for the payment of an existing debt, it is not a just or reasonable construction of such agreement to hold that a demand may be made upon it at any time, however remote, and although the debt to be secured has become barred by the statute of limitations.    Otherwise, the claim might continue open forever.    It is not to be supposed that such was the intention of the parties.    It is true that no cause of action accrues until a demand, and that therefore the statute of limitations does not begin to run till such demand. But our decision rests on the ground that the contract, by implication, requires a demand within the time of the continuance of legal liability upon the debt, and that a demand after the expiration of that time is too late.

*Exceptions sustained.*