LUCIEN B. COPELAND *vs.* ANNA W. BARNES.

Hampshire.    September 25, 1888. — October 2, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Delivery of Bill of Sale as Collateral Security — Insolvent Debtor — Preferences.*

A buyer of goods gave, as security to one who lent him the purchase money, a bill of sale thereof running to himself, the lender supposing it to be a mortgage, and subsequently, but within six months of his going into insolvency, gave a mortgage thereof to the lender, who afterwards took possession of the goods. *Held*, that giving the bill of sale amounted to no more than an agreement for a pledge or mortgage, and that the mortgage when given was within the Pub. Sts. c. 157, § 98, as to preferences by an insolvent debtor.

REPLEVIN of certain goods, brought by the assignee in insolvency of Charles A. Wright.

At the trial in the Superior Court, before *Blodgett*, J., the defendant introduced evidence tending to prove that on March 9, 1886, Wright, who was the son of the defendant, bought certain personal property, and took from the seller a bill of sale thereof running to himself; that the defendant lent to Wright the purchase money and took his promissory note therefor; that at the same time Wright delivered to the defendant the bill of sale as security for the note, the defendant supposing it to be a mortgage; that on December 21, 1886, the defendant learned for the first time that the bill of sale was not a mortgage, and demanded and received from Wright a mortgage of the property in the usual form; that on February 20, 1887, the defendant took and retained possession of the property for non-payment of the note; that on March 10, 1887, Wright was duly adjudged an insolvent debtor, and the plaintiff was chosen assignee of his estate.

The defendant contended, first, that if the purchase money was paid, and the note and bill of sale were made and delivered, under the circumstances above set forth, and the defendant took possession of the property under the bill and mortgage before the insolvency proceedings were begun, it would constitute a defence to the action; and, secondly, that if the defendant did not, at the time the mortgage was made, have reasonable cause to believe that Wright was insolvent or in contemplation of insolvency, she would be entitled to a verdict.

The judge ruled that the above facts would not constitute a defence, and that the bill of sale was not competent as evidence; but also ruled that the facts might be introduced in evidence on the issue whether the defendant had reasonable cause to believe that Wright was insolvent or in contemplation of insolvency at the time the mortgage was delivered to her. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. B. O'Donnell*, for the defendant.

*J. C. Hammond & H. P. Field*, for the plaintiff.

C. ALLEN, J. In this case it appears that Wright bought certain personal property, took a bill of sale, borrowed money

of the defendant, who was his mother, to pay the price, gave a note to her for the money, and delivered to her as security the bill of sale running to himself, she supposing it was a good security,—indeed, apparently supposing it was a mortgage. Afterwards, on December 21, 1886, upon learning that it was not a mortgage, she demanded and received a mortgage ; and on February 20, 1887, took possession of the property. But these later transactions were both within six months before the commencement of the proceedings in insolvency.

The delivery of the bill of sale did not constitute a mortgage, even though supposed by both parties to be such. A bill of sale made for security, even though running directly to the person to be secured, and though accompanied by delivery of the goods, is at most only a pledge, and not a mortgage. *Shaw* v. *Silloway*, 145 Mass. 503, 505. *Thompson* v. *Dolliver*, 132 Mass. 103. If no delivery of the goods is made, it can be no more than an agreement for a pledge or mortgage. Such agreement, made at the time when a debt is contracted, will not avail to protect the actual pledge or transfer of the property, when made, from the operation of the statute against preferences by an insolvent debtor. The statute makes no exception in favor of securities given in pursuance of a previous agreement, but declares all transfers and conveyances void, if made within six months, and under the circumstances therein stated. Pub. Sts. c. 157, § 98. *Forbes* v. *Howe*, 102 Mass. 427, 435. *Simpson* v. *Carleton*, 1 Allen, 109, 120. *Blodgett* v. *Hildreth*, 11 Cush. 311.

Certainly the delivery to the defendant of the bill of sale running to Wright can have no greater effect than the execution and delivery of a bill of sale directly to the defendant. The facts were allowed to be put in evidence upon the question whether the defendant, at the time of taking her mortgage, had reasonable cause to believe that Wright was insolvent or in contemplation of insolvency, and that the conveyance was made in fraud of the insolvent laws; and, from the verdict of the jury, it must now be assumed that she then had such reasonable cause of belief.

*Exceptions overruled.*