P. P. EMORY MANUFACTURING COMPANY *vs.* CHARLES
D. ROOD.

Hampden.    September 23, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Evidence,* Relevancy, *Res gestœ,* Best and secondary, Extrinsic affecting writings.
*Practice, Civil,* Exceptions.

In order to show that a person is the owner of certain chattels, evidence that he
offered to purchase them and that afterwards a bill of sale of them was given to
him is relevant and admissible.

Where it was material for the plaintiff to show that the defendant was the owner
of certain chattels at a certain time, the plaintiff put in evidence a bill of sale
to the defendant of the chattels in question dated at a time when the defendant
held a mortgage upon them.  The defendant later offered in evidence a letter
from himself to the mortgagor which contained a draft of the bill of sale and
the letter in answer to it in which the bill of sale was enclosed, in order to show
that the purpose of the bill of sale was to give the defendant authority to sell
the chattels as the property of the mortgagor and not to make him the owner.
The letters were excluded.  *Held,* that the exclusion was wrong, as the corre-
spondence was part of the transaction of the giving of the bill of sale and was
relevant to show the legal effect of that instrument upon the ownership of the
chattels.

On an exception to the exclusion of letter press copies of certain letters, the party
in whose favor the ruling was made cannot at the argument take the ground
that the copies were inadmissible because no notice to produce the originals had
been given unless it appears that that objection was taken at the trial.

Whether letter press copies are admissible without calling for the production of
the originals, *quœre.*

A party to an action wishing to show that a certain bill of sale was sent to him in
order to give him the power to sell the chattels covered by it and not for the
purpose of making him the owner of the chattels, cannot be allowed to state
what the purpose of the bill of sale was.

To prove that the defendant was the owner of certain chattels at a certain time, a
bill of sale from the defendant to a third person is admissible, having a ten-
dency to show that the defendant was the owner of the chattels when he ex-
ecuted it.  For the same purpose and for the same reason the record of a suit
brought by the defendant against a third party for breach of a contract with the
defendant to purchase the chattels is admissible.

No exception lies to the exclusion of questions so broad that incompetent evidence
might be given in answer to them, especially if the bill of exceptions does not
show what the answers would have been.

CONTRACT for the use and occupation from August 15, 1899,
to August 8, 1900, of certain rooms in a building of the plaintiff

containing printing presses belonging to the defendant. Writ dated August 15, 1900.

At the trial in the Superior Court before *Hopkins*, J., the defendant admitted his liability for rent from June 11 to August 8, 1900, but denied his liability before June 11, 1900, at which date he became the owner of the printing presses by the foreclosure of a chattel mortgage.

The jury returned a verdict for the plaintiff in the sum of $500; and the defendant alleged exceptions.

*D. E. Webster*, for the defendant.

*E. H. Young*, for the plaintiff.

BARKER, J.   One of the facts relied upon by the plaintiff to show that the defendant was in the use and occupation of the premises was that he was not merely the mortgagee of the printing presses and other articles which were in the rooms during the time for which the plaintiff claimed rent, but that the defendant owned all of the articles under a bill of sale made on August 15, 1899.   This bill of sale was competent evidence on the question whether the defendant then became the owner of the articles, and the evidence that before that date the defendant offered to purchase them and that on that date he was given the bill of sale was relevant and admissible.   This requires us to overrule the first three exceptions, which were to the testimony of one of the vendors in the bill of sale as to the offer of the defendant to purchase and the giving to him of the bill of sale on August 15.   This witness had testified without objection that just prior to that date he and one Barn were the owners of the printing presses which were in the rooms the rent of which was in question, and that at that time after removing his personal effects he sent the keys of the rooms to the defendant and put him in possession of the property.

In the cross-examination of this witness he was shown a letter which he testified he sent to the defendant with the bill of sale of August 15, and he also testified that with the draft of the bill of sale he received a letter from the defendant, which letter was at the time of the trial in the possession of the attorney of the witness.   The witness also testified on cross-examination that since the giving of the bill of sale of August 15 he had made no effort to sell the property excepting to talk with one man upon whom

he called at the defendant's suggestion. The witness then identified a letter which he had written to the defendant on September 24 tending to show that the witness was in fact endeavoring by correspondence to sell the presses to several possible purchasers. These letters of August 16 and September 24 and a letter press copy of the defendant's letter of August 15, which accompanied the draft bill of sale and to which the letter of August 16 was a reply were offered in evidence by the defendant and excluded under his exception. The press copy of the defendant's letter of August 15 was again offered and excluded under his exception in connection with his own testimony, as was also a press copy of a letter from him of August 17, in reply to the letter of August 16, tending to show that the purpose of the bill of sale of August 15 was to give the defendant authority to sell the presses as the property of his mortgagors and not to make him the owner. His exceptions in connection with these letters and copies are the 4th, 5th, 6th, 7th and 8th. The vendor with whom this correspondence had been carried on testified that he had no conversation with the defendant regarding the bill of sale but that he had had letters from him.

It seems therefore that the correspondence as to the bill of sale of August 15 was part of the transaction of the giving of that bill and was relevant to the question of the legal effect of that bill upon the ownership of the presses. The plaintiff now contends that the press copies of the defendant's letters of August 15 and 17 were inadmissible because no notice to produce the letters themselves had been given. Whether any such notice was necessary we do not consider. See *Commonwealth* v. *Jeffries*, 7 Allen, 548, 561, 562. The bill of exceptions does not state that this ground of exclusion was stated at the trial. If then taken and sustained a notice to produce might then have been given, and therefore we think it is not now open to the plaintiff to sustain the exclusion of the press copies on that ground. We think that this correspondence was relevant and competent on the question whether the defendant became the owner of the presses under the bill of sale of August 15, and that the exceptions to its exclusion must be sustained.

The ninth exception was to the refusal of the judge to allow the defendant to answer the question what the purpose of the

bill of sale was. This exception must be overruled. While the letters were competent as part of that transaction, the defendant's subsequent oral statement of the purpose of the bill on the stand was properly excluded.

The tenth exception was to the admission of a bill of sale of the presses from the defendant to one Dow bearing date August, 1899. The execution by the defendant of such an instrument had some tendency to show that he was the owner of the presses, and this exception must be overruled.

The eleventh exception was to the admission of the record of a suit brought by the defendant against another party for breach of a contract with the defendant to purchase the presses. This exception must be overruled, as the evidence had some tendency to show ownership of the presses in the defendant.

The twelfth, thirteenth and fourteenth exceptions were to the exclusion of the question asked of the defendant to state the circumstances under which the suit was brought, also whether or not it was brought at the request of Mr. Young. These questions were so broad that incompetent evidence might have been given in answer to them, and, besides, the bill of exceptions does not show what the answers would have been. These exceptions are overruled.

The remaining exception is to the refusal to give eight requests for instructions. The bill of exceptions states the charge in full and does not state that it was excepted to in any part.

It is enough to say that the judge was not required to give any ruling in the language of the requests, and that an examination of the charge shows that there was no error in dealing with the matters of the plaintiff's requests. Indeed, our only hesitation is whether the treatment in the charge of the matter of the bill of sale of August 15, inasmuch as the charge seems to have assumed that the purpose of that transaction was merely to give the defendant power to sell the presses, does not make it right to overrule the exceptions which we have sustained. It may be that no harm was done the defendant by the exclusion of the correspondence as to the bill of sale of August 15, but we cannot regard it as certain.

*Exceptions sustained.*