BOSTON LOAN COMPANY *vs.* COMMONWEALTH.

Suffolk.    March 27, 1916. — May 18, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Tax*, Excise on domestic business corporation.    *Corporation*, Excise on franchise. *Pledge*, Pledgee deemed owner for purposes of taxation. *Words*, "Merchandise."

For the purposes of the interpretation of the tax act, pledged property, tangible as well as intangible, is deemed to be owned by the one in possession, whether this is a domestic or a foreign corporation or a natural person.

Under St. 1909, c. 490, Part III, § 43, the tax commissioner when ascertaining, for the purpose of imposing the excise authorized by the statute, the value of the corporate franchise of a domestic corporation engaged in the business of lending money at interest secured by pledges of articles of personal property of which it holds possession while the general title to the articles is in its customers, in computing the maximum limit of twenty per cent of the value of the things named in the statute must include under the word "merchandise" the articles of personal property thus held in pledge.

RUGG, C. J.    This is a petition under St. 1909, c. 490, Part III, § 70, for the recovery of a corporation excise tax paid by the petitioner and alleged to be excessive.*    The petitioner, incorporated under the laws of this Commonwealth, carried on the business of lending money at interest, secured by pledges of articles of personal property, possession of which is in the petitioner but the title to which is in customers.    No notes or other paper evidence of the loan are taken by the petitioner.    The only question presented is whether the tax commissioner followed

---

* At the request of the parties the case was reserved by *Loring* J., for determination by the full court.

the correct rule in estimating the value of the petitioner's corporate franchise. The decision of that question depends upon the interpretation of § 43 of Part III of the tax act, St. 1909, c. 490, the pertinent parts of which are in the footnote.* More narrowly stated, the point in controversy is whether in determining the maximum limit of taxation established by that section, the word "merchandise" includes or excludes the articles of personal property held in pledge by the petitioner.

The petitioner does not and could not well contend that these articles are not "merchandise" within the meaning of that word, which in this connection as respects chattels includes "tangible property which may be the subject of sale." *New England & Savannah Steamship Co.* v. *Commonwealth*, 195 Mass. 385, 391. But it does contend that the value of this merchandise ought not to be considered as a part of the principal upon which the twenty per cent is to be calculated in ascertaining the maximum excise tax. That contention is founded on the fact that the petitioner is not the absolute owner of such merchandise.

Plainly the general title to the articles pledged is in the owner. But the petitioner as pledgee acquired a special property in the article pledged. *Thompson* v. *Dolliver*, 132 Mass. 103. *Harding* v. *Eldridge*, 186 Mass. 39, 42. *Gamson* v. *Pritchard*, 210 Mass. 296. Ordinarily the general owner is subject to taxation for intangible personal property rather than the pledgee having a special lien. *Waltham Bank* v. *Waltham*, 10 Met. 334. *Chase* v. *Boston*, 193 Mass. 522, 527. As to tangible personal property, a different rule is established by statute. It is provided by Part I, § 26, of the tax act as amended by St. 1914, c. 198, § 2, that "Personal property

---

* "Every corporation subject to the provisions of section forty shall annually pay a tax upon its corporate franchise, after making the deductions provided for in section forty-one, at a rate equal to the average of the annual rates for three years preceding that in which such assessment is laid; . . . but the said tax upon the value of the corporate franchise of a domestic business corporation, after making the deductions provided for in section forty-one, shall not exceed a tax levied at the rate aforesaid upon an amount, less said deductions, twenty per cent in excess of the value, as found by the tax commissioner, of the works, structures, real estate, machinery, underground conduits, wires and pipes, and merchandise, and of securities which if owned by a natural person resident in this Commonwealth would be liable to taxation."

mortgaged or pledged shall for the purpose of taxation be deemed the property of the party in possession thereof on the first day of April." The natural construction of these words is that in the administration of the tax laws the person in possession as pledgee of pledged property shall be treated as the owner. No reason appears why their natural meaning should not be attributed to the words in this connection. It has been decided that under this clause property of another held under the lien of a pledge either by a natural person or by a foreign corporation as pledgee is taxable to the pledgee. *Boston Loan Co.* v. *Boston,* 137 Mass. 332. It is difficult to conceive of a purpose on the part of the Legislature to treat every other pledgee in possession of pledged personal property as the owner for the purposes of taxation and to make an exception in that respect of domestic corporations.

Substantially all our general laws respecting taxation have been codified in St. 1909, c. 490. The combination in one comprehensive act of most if not all of our laws respecting taxation compels the inference that the Legislature intended to create a general system consistent in its main provisions and harmonious in its details. It cannot be assumed that a different principle should be applied to the same property dependent upon the accident of possession by a domestic corporation, instead of by a natural person or a foreign corporation.

The maximum limit of taxation of domestic corporations in instances to which it is applicable operates as an exemption of some property from the burden of taxation. It is a general rule that exemptions from taxation are interpreted strictly and are not allowed unless plainly established.

In ascertaining the maximum limit of the corporation excise, merchandise of a taxable character held by the corporation is to be considered. *Farr Alpaca Co.* v. *Commonwealth,* 212 Mass. 156. The property held in pledge is of that class. In computing the maximum limit of the corporation excise, the general statutory rules as to the person to whom merchandise shall be taxed or who shall be treated as owner for the purpose of taxation should be followed.

The tax act means that in ascertaining the maximum limit under § 43, there should be considered, as a part of the principal upon which the twenty per cent is taken, all the merchandise to which the corporation holds title or to which its relation is such

that it would be liable for a property tax if it were subject to the general laws touching property taxation instead of to an excise tax.

It follows from all these considerations that pledged property, for the purposes of interpretation of the tax act, is to be deemed to be owned by the one in possession, whether a domestic or a foreign corporation, or natural person.

*Petition dismissed with costs.*

*P. Nichols,* for the petitioner.

*W. H. Hitchcock,* Assistant Attorney General, for the Commonwealth.