## In re GERMAN PUBLICATION SOCIETY.

### Ex parte CROMBIE & LA MOTHE, Inc.

(District Court, S. D. New York. November 9, 1922.)

1. **Chattel mortgages ⬦�longbar8—Distinction between "chattel mortgage" and "pledge."**
   The significant distinction between a "chattel mortgage" and a "pledge" is that in a pledge the creditor gets no title, but only a "special property," while in a mortgage he gets title; but, although no pledge is good without the pledgee's possession, the converse is not true of chattel mortgages, under which the goods sometimes do, and always may, pass at once into the mortgagee's possession.
   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chattel Mortgage; Pledge.]

2. **Chattel mortgages ⬦�longbar8—Instrument held chattel mortgage, not pledge.**
   Where instrument was in form a chattel mortgage, in that it had a defeasance clause, it would be held to be a chattel mortgage, although possession of mortgaged goods was delivered to mortgagee at the time of its execution.

In Bankruptcy. In the matter of the German Publication Society, bankrupt. On petition to review decision of referee adverse to Crombie & La Mothe, Inc. Petition dismissed.

Shaine & Weinrib, of New York City, for mortgagee.
Boardman Wright, of New York City, for trustee.

LEARNED HAND, District Judge. [1] It is everywhere agreed that the significant distinction between a pledge and a mortgage is that in the first the creditor gets no title, but what is vaguely called a "special property," while in the second he does. Although no pledge is good without the pledgee's possession, the converse is not true of chattel mortgages, under which the goods sometimes do, and always may, pass at once into the mortgagee's possession. If only the forms of the transaction were observed by the courts, it would be easy to distinguish a pledge from a mortgage, because any absolute grant must be a mortgage, and any other agreement for security must be a pledge.

No such convenient rule can be drawn from the books. In the case of choses in action like shares of stock it was early held that a transfer, though absolute in form, might be a pledge. Wilson v. Little, 2 N. Y. 443, 51 Am. Dec. 307, a case recently followed in White River Bank v. Capital Bank, 77 Vt. 123, 59 Atl. 197, 107 Am. St. Rep. 754. This was explained on the theory that, as there could be no delivery of

possession unless the title had also passed, absolute formal title did not necessarily mark the transaction as a mortgage.

However, when the same question came up as to chattels in cases where the writing contained an absolute transfer, some courts ruled that that transaction also was a pledge. Walker v. Staples, 5 Allen (Mass.) 34; Thompson v. Dolliver, 132 Mass. 103; Copeland v. Barnes, 147 Mass. 388, 18 N. E. 65; Petition of Chattanooga Savings Bank (C. C. A. 6th) 261 Fed. 116. In Wright v. Ross, 36 Cal. 414, the court even went so far as to hold an assignment a pledge which had a defeasance in the body of it. In Gandy v. Collins, 214 N. Y. 293, 108 N. E. 415, the assignment appears to have been absolute and was held to be a mortgage, but that may well have been, and probably was, because the creditor had not taken possession.

[2] It seems to me very difficult to find any rule which the cases will bear out, and the whole matter floats nebulously in that fog, "the intent of the parties," out of which courts are so apt to evoke what they most want. Still I suppose that we may use only the words of the parties themselves, and in the case at bar I find it pretty difficult to see how they could have been more definite in making this a mortgage. It is true the language is inartificial, but the defeasance clause is present as clearly as though it had been drawn by a conveyancer. It is, of course, possible always to say that, when possession is delivered at the time of execution, the transaction is a pledge. That would be a clear rule, but it would not be true. Unless one is prepared to go so far, I cannot see anything but the hardship of the result, which should move me to ignore the form in which these parties chose to express their purposes.

The cases cited, except those I have mentioned, do not seem to me in point. Sheldon v. McFee, 216 N. Y. 618, 111 N. E. 220, and Dickinson v. Oliver, 195 N. Y. 238, 88 N. E. 44, contain some language which might be thought to help the trustee; but the point here at bar was not in the court's mind, and they amount to nothing.

Order affirmed; petition to review dismissed.