EVAGGELO PERIVOLIOTIS *vs.* CHARLES A. EVELETH
& another.

Essex.     January 23, 1925. — February 26, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Attachment. Conversion. Evidence,* Relevancy and materiality. *Fraud.*
*Lien. Pledge. Practice, Civil,* Exceptions. *Waiver,* Of lien.

In the absence of fraud on the part of the pledgor, a pledgee of personal
property waives his lien by attaching the property held in pledge in
an action on the same debt which the pledge was given to secure.
If a trust company, holding in pledge to secure a debt a nonnegotiable bill
of lading of sugar which was being held by a warehouse company as
custodian for it, brings an action against the debtor on the debt so se-
cured and in that action causes an attachment to be made of the sugar,
it must be held to have waived its lien, in the absence of any fraudulent
attempt before the bringing of the action to deprive it of its lien.   In this
action there was no evidence of such fraudulent attempt.
At the trial of an action of tort for conversion, evidence of conversations
by the plaintiff with a third party were admitted in evidence subject
to exceptions by the defendant.   It appeared that the testimony was
cumulative only, and it was *held,* that, even if there was error in ad-
mitting the evidence, there was no harmful error which would require
a new trial of the case, and that the exception must be overruled.

TORT against a deputy sheriff and Lowell Trust Company
for the alleged conversion of sugar.   Writ dated September
28, 1920.

In the Superior Court, the action was tried before *Walsh,* J.
Material evidence and exceptions by the defendants are
described in the opinion.   There was a verdict for the plain-
tiff in the sum of $8,109.   The defendants alleged exceptions.

*D. J. Donahue & J. P. Donahue,* for the defendants, sub-
mitted a brief.

*J. J. Ronan,* (*J. J. Fox, Jr.,* with him,) for the plaintiff.

CARROLL, J.   This is an action of tort for the conversion
of forty thousand pounds of sugar.   The plaintiff's evidence
tended to show that he purchased the sugar from one Gefteas;
that, in company with Gefteas, he called at the Bay State
Storage Warehouse where the sugar was stored; that Gefteas

produced a nonnegotiable warehouse receipt issued to him in his name, which the manager of the warehouse company received, and after cancelling on it the name of Gefteas and inserting the name of the plaintiff, delivered it to him. The Lowell Trust Company, one of the defendants, brought an action against Gefteas and attached the sugar. The writ was served by the defendant Eveleth, a deputy sheriff. Gefteas was indebted to the Lowell Trust Company and gave to it a nonnegotiable bill of lading issued by the Boston and Maine Railroad for the sugar in question. There was testimony that the trust company notified the railroad to ship the sugar to the Bay State Warehouse Company; that the car of sugar was on its way from Lawrence to Lowell, in the name of Gefteas; that it was "the property of the Lowell Trust Company on a loan." There was a verdict for the plaintiff.

The defendants now contend there was error in the instructions given to the jury, to the effect that, if the jury found the sugar was pledged to the Lowell Trust Company by Gefteas and the warehouse company was holding it as custodian for the trust company, by attaching it "on that debt to the Lowell Trust Company by Gefteas," the trust company waived its claim by way of pledge or lien upon the sugar. The defendants further contend that there was error in the admission of certain evidence. It appeared that Gefteas owed the trust company $18,600. It held as security therefor bills of lading of two cars of sugar, as well as the bill of lading of the sugar attached, which the trust company contended was given as additional security for the same indebtedness.

The instruction to the effect that the Lowell Trust Company, by attaching the sugar upon which it claimed to have a lien, waived its claim of lien, was a correct statement of law. If the trust company did in fact acquire a lien on the sugar a special title to the property in question passed to it, but the general property remained in the pledgor, and, for the trust company to retain its lien, it was necessary for it to retain possession of the goods. *Thompson* v. *Dolliver*, 132 Mass. 103. *Harding* v. *Eldridge*, 186 Mass.

39. *Gamson* v. *Pritchard*, 210 Mass. 296, 298. By attaching the sugar for a debt for which it claimed to hold the goods in pledge, the trust company relinquished its lien. By attaching the goods on the same debt for which the goods were pledged it parted with its possession, which was essential to the continuance of its lien, the legal possession of the property after the attachment being in the attaching officer. *Swett* v. *Brown*, 5 Pick. 178, 180, 181. *Legg* v. *Willard*, 17 Pick. 140. *Whitaker* v. *Sumner*, 20 Pick. 399, 405, 406. See *Evans* v. *Warren*, 122 Mass. 303.

The defendants, while conceding that a pledgee generally waives a lien by attaching the property held in pledge by an action on the same debt which the pledge was given to secure, contend that there was evidence of a fraudulent attempt to deprive the trust company of its lien, and by reason of this fraud, the lien was not lost. The answer to this contention is that it is not supported by the record. There was no evidence of any fraudulent attempt to deprive the trust company of its lien. The plaintiff testified that he bought the sugar, paying therefor in cash and by a promissory note, and it does not appear that any question of fraud was raised at the trial, and no exception bearing on this point is shown in the bill of exceptions.

One Bowen was the manager of the Bay State Storage Warehouse Company. The plaintiff, against the defendants' exception, was permitted to testify to conversation with Bowen, and to his acts in delivering the warehouse receipt to the plaintiff. He also testified that his attorney, Mr. Flanagan, "told Bowen his client owned that sugar," and Bowen said the sugar belonged to the plaintiff, and "he could have it." Bowen had previously testified, without exception, that on the day Mr. Flanagan was at the warehouse, the plaintiff gave him (Bowen) the warehouse receipt, and he issued a delivery order to the plaintiff, "so that the plaintiff could get the sugar"; and Flanagan testified, without objection, that Bowen said the sugar was the plaintiff's, and he "could have the sugar." Even if there were error in admitting these conversations of Bowen in the absence of the plaintiffs, there was no harmful error which would

require a new trial of the case. The evidence was merely cumulative, and the defendants were not, in these circumstances, harmed by its admission. See *Boisvert* v. *Ward,* 199 Mass. 594; *Bishop* v. *Burke,* 216 Mass. 231; *Cotter* v. *Nathan & Hurst Co.* 222 Mass. 433.

The admission of the receipt and bill of sale was proper. See *Short Mountain Coal Co.* v. *Hardy,* 114 Mass. 197; *P. P. Emory Manuf. Co.* v. *Rood,* 182 Mass. 166.

We find nothing in *McDonough* v. *Boston Elevated Railway,* 191 Mass. 509, *Murphy* v. *Fred T. Ley & Co. Inc.* 210 Mass. 371, and *N. J. Magnan Co.* v. *Fuller,* 222 Mass. 530, relied on by the defendants, contrary to what is here decided.

*Exceptions overruled.*