KINGS COUNTY BANK, Appellant, _v._ JOHN COURTNEY, Sheriff of
the County of Kings, Respondent; WILLIAM E. DODGE and
Others, Appellants, THOMAS WILDES and TREMONT NATIONAL
BANK of Boston, Respondents.

_Precedence among judgment creditors — dormant partnership — bill of sale — chattel
mortgage — dormant execution._

A judgment creditor, at whose request the ostensible proprietor of a business has
formed a dormant partnership with a third party, which has been kept secret
from other creditors, is not entitled, by reason of having first levied upon
property under an attachment against the members of the partnership as part-
ners, to precedence over other judgment creditors who had previously levied
upon the same property under executions against the ostensible proprietor of
the business individually.

Such precedence cannot be acquired by virtue of an instrument purporting to be
a bill of sale, but which is in fact a chattel mortgage and void against creditors
and subsequent purchasers in good faith, because not filed as required by the
statute.

An execution which is permitted to become dormant loses a precedence which it
may have acquired by being levied.

APPEALS by the plaintiff, the Kings County Bank, and by the
defendants, William E. Dodge and others (composing the firm of
Phelps, Dodge & Co.), from a judgment of the Supreme Court,
rendered at the Kings County Special Term and entered in the
office of the clerk of Kings county on the 25th day of January,
1893, dismissing the complaint upon the merits, and directing the
defendant sheriff to pay, out of funds in his hands received from
sales under executions issued against Giulia Brandeis, proprietor,
the judgments of the defendants, the Tremont National Bank and
Thomas Wildes.

The plaintiff appealed from the entire judgment; the defendants,
William E. Dodge and others, appealed from that part of the judg-
ment which dismissed the complaint.

The action was brought to enforce the plaintiff's claim to the fund
in the defendant sheriff's hands, under a judgment which the
plaintiff had obtained against Giulia Brandeis and Maria Brandeis,
as copartners, and also under a bill of sale made to the plaintiff by
Giulia Brandeis.

The defendants had obtained judgments against said Giulia Brandeis, and claimed payment thereof out of the fund in the sheriff's hands, by virtue of executions which had been issued against Giulia Brandeis individually.

*Norman S. Dike*, for the plaintiff (appellant).

*Edmund Coffin, Jr.*, for William E. Dodge and others, defendants (appellants).

*Henry R. Willis*, for the Tremont National Bank, respondent.

*John P. Hudson* and *C. Donohue*, for Thomas Wildes, respondent.

BARNARD, P. J. :

The plaintiff has no rights above the other claimants by reason of a partnership between Giulia Brandeis and her daughter Maria. The mother was carrying on a business, manufacturing lead pipe, under the name of the " Brooklyn Lead Trap and Pipe Works." The ostensible name in which the business was carried on was " G. Brandeis, proprietor." On the 2d of June, 1890, Giulia Brandeis made a bill of sale to the plaintiff of certain of the personal property of the business. On the 7th of August, 1891, Giulia Brandeis entered into a partnership agreement for three years with her daughter Maria. The agreement provided that the business should be conducted in the name of the mother as proprietor, and that the account in the bank should be kept in the mother's name, but with a right on the part of the daughter to sign her mother's name to checks with the addition of the initials of her own name. The partnership agreement was not publicly known. It was known to the plaintiff bank, but no notice was given by the bank of the partnership between mother and daughter. It was proven also that the bank requested that the partnership be formed, which was well enough, but the keeping it secret so as to obtain an advantage over other creditors, was not well done. The partnership was at least a dormant one under *North* v. *Bloss* (30 N. Y. 374). It was not necessary for persons who sold the apparent owner, Mrs. Brandeis, to make her daughter a defendant with her.

The bill of sale was properly found of no force as against judgment creditors. The form of the instrument is subject to the real purpose of the paper. This is found to be that the bill of sale was given as security for the loans then at its date made by the plaintiff, and to be made thereafter. Chapter 279, Laws of 1833, applies to it, and it should have been filed as directed by that statute, otherwise it was void as against creditors and subsequent purchasers in good faith. The Statute of Frauds against bills of sale of personal property by a vendor of goods who does not give immediate possession, applies. The bill of sale is presumed void, and there is an entire absence of proof of good faith that the paper was made in good faith and without an intent to defraud creditors. As the proof is so strong that the bill of sale was not intended as an absolute transfer of title, but was by way of mortgage, this question need not be discussed. With the partnership and the bill of sale in operation, the plaintiff is not entitled to precedence over these creditors who get their levy on the property by means of executions delivered before the plaintiff commenced the proceedings by attachment, which finally resulted in judgment against the mother and daughter as partners.

Phelps, Dodge & Co. issued their execution, and made levy on the 17th of February, 1892. The Tremont Bank on February 19, 1892, which subsequently matured in a judgment. The trial court has found that the execution of Phelps, Dodge & Co. became dormant, and lost its precedence thereby. The case shows that after the Phelps, Dodge & Co. execution was levied Mrs. Brandeis applied to that firm to take $2,000 on account, and withdraw the sheriff from her works. An arrangement was made that $2,000 was to be paid, and the execution and levy withdrawn and released. Notice was given to the sheriff by Messrs. Phelps, Dodge & Co's. attorney, on the 18th of February, 1892. The agreement of Mrs. Brandeis, who carried the letter to the sheriff, gave a check to him for his fees, which was unpaid. On the 20th of February the sheriff wrote Phelps, Dodge & Co. that he had received his fees on the basis of $1,000 payment, and asking for a continuation of the execution. On the 23d of February, 1892, Phelps, Dodge & Co. wrote the sheriff to hold the levy until instructed to the contrary. There was no proof of fraud beyond a general statement of her responsibility. Notes were to be given for the balance of the debt, which presum-

ably were given. The subsequent direction to hold the levy was not a part of the settlement, and was unjust as to the judgment debtor.

The execution was properly found to be dormant, and the judgment should be affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Judgment affirmed, with costs.