(74 App. Div. 417.)

SLOAN v. NATIONAL SURETY CO.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. CONDITIONAL BILLS OF SALE—CONSTRUCTIVE POSSESSION OF PROPERTY—
JUDGMENT CREDITOR.

A manufacturing corporation, to secure a loan, executed bills of sale of its machinery and plant, the legal title of which was to vest in the vendee upon default in payment. These instruments were recorded. When the loan matured, upon refusal of payment the vendee laid his hands upon each article mentioned in the bills of sale, saying that it was his property, and that he demanded and took possession of the same. Nothing was removed, and the vendor continued to use the machinery in connection with its business. *Held*, that such possession of the vendee was only constructive, and not valid as against a judgment creditor of the vendor.

Appeal from trial term, New York county.

Action by August K. Sloan against the National Surety Company on an indemnifying bond. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Franklin W. M. Cutcheon, for appellant.
Chauncey S. Truax, for respondent.

HATCH, J. The Haney Manufacturing Company, a domestic corporation, was in 1897, and for some time prior thereto had been, carrying on a manufacturing business in the borough of Brooklyn, city of New York. On August 5th of that year the plaintiff loaned to said corporation the sum of $5,000 under a written agreement executed on that day, which, among other things, provided that the company should execute and deliver to the plaintiff bills of sale of its machinery and plant, and that the company should have possession of such machinery and plant in conducting its business. The plaintiff was also to be elected the treasurer of the company, and was to have certain shares of its capital stock at specified prices. The loan was for the period of one year, and, if default was made by the company in payment of the same, the agreement provided that the legal title to the property should vest and become absolute in the plaintiff. Pursuant to this agreement, the plaintiff received as collateral security for the repayment of the loan three bills of sale covering said machinery, one of which was executed by the manufacturing company, and the other two were assigned by Carrie S. Sanborn, who held the legal title to that portion of the machinery, stock, etc., covered by the bills of sale. Upon the receipt of these bills of sale, the plaintiff caused them to be filed in the register's office of the county of Kings. When the loan matured on August 5, 1898, the manufacturing company made default in payment of the same, and on that day the plaintiff went to the place of business of the manufacturing company, demanded payment of the loan, and, this being refused, he laid his hands upon each article mentioned in

¶ 1. See Chattel Mortgages, vol. 9, Cent. Dig. § 417.

the bills of sale, saying that.it was his property, and that he demanded and took possession of the same. In this connection, the plaintiff testified:

"I do not know the date of the demand. I did not remove a bit of the machinery from the premises at 290 Graham street at the time I have said that possession was delivered to me, or at any time, either before or after the execution of the several bills of sale. I allowed it all to remain there; and it was continued in use by the Haney Manufacturing Company, in connection with its business, up to the time of the sale by the sheriff."

And so far as is disclosed by the testimony, no other steps or acts were ever done or taken to reduce the property to the possession of the plaintiff. On the 9th day of November, 1897, the manufacturing company entered into a contract with the Cycle-Age Company of Chicago, Ill., to do certain advertising for it. This contract was performed by the Cycle-Age Company, and thereby an indebtedness against the manufacturing company accrued in its favor, and, the same not being paid, the Cycle-Age Company secured a judgment against the manufacturing company in the borough of Manhattan, city of New York, on the 29th day of July, 1898, for the sum of $453.16, and thereafter it filed a transcript of such judgment in Kings county, and issued execution thereon to the sheriff. The latter took steps to enforce the same, but was informed by the plaintiff that he was the owner of the property, and the sheriff's attention was called by the plaintiff to the bills of sale on file in the register's office, and also to the fact that the plaintiff claimed to have taken possession of the property and owned the same. Thereupon the sheriff demanded a bond of indemnity from the Cycle-Age Company, and the latter procured such bond to be executed by the defendant in the sum of $1,500. This bond was dated August 9, 1898, for and in the sum of $1,500. Thereafter the sheriff made a levy upon the property under his execution, and on August 12, 1898, after making such levy, the sheriff demanded a further bond of indemnity, and on August 31, 1898, the defendant executed and delivered to the sheriff an additional bond in the sum of $2,000. After its execution, the sheriff advertised the property for sale, and sold the same on the 6th day of September, 1898, realizing therefrom the sum of $732. Thereafter the plaintiff brought this action to recover damages from the defendant for a conversion of the property. Upon the trial the value of the property sold by the sheriff was proved to have been the sum of $4,700, for which sum, together with interest thereon, the plaintiff recovered judgment. An appeal from such judgment brings the case into this court.

The bills of sale which were taken by the plaintiff possessed all the essential elements of a chattel mortgage when construed in connection with the agreement. The transaction between the plaintiff and the Haney Manufacturing Company was a loan of money, for which the bills of sale were given as collateral security. From the. time of their delivery down to the day of the date of the sale by the sheriff under his levy, the property continued to be and remain in the custody and control of the manufacturing company. It continued to carry on business with it, and no change was made in the

management, custody, and control of the same until the property was sold under the levy. It has long been the settled law that a mortgage of chattels, unaccompanied by actual possession of the mortgaged property by the mortgagee, is presumed to be fraudulent as against creditors. By virtue of the provisions of the statute, however, such mortgage may be filed, and possession of the property thereafter continued in the mortgagor, without impairing the rights of the mortgagee to enforce the mortgage as against the mortgagor or creditors. Tremaine v. Mortimer, 128 N. Y. 1, 27 N. E. 1060. When the debt becomes due, however, in order to protect the rights of the mortgagee to enforce it against the property, he must do one of two things,—either refile his mortgage, or take actual possession of the property. In the present case he assumed to do the latter, and not the former, and the question presented is, did his acts constitute an actual taking of possession of the property? In Steele v. Benham, 84 N. Y. 634, the court said:

"To satisfy the statute, the possession must be actual, not merely constructive or legal. In Topping v. Lynch, 2 Rob. 484, it was said that the words 'actual and continued change of possession' in this statute 'mean an open, public change of possession, which is to continue and be manifested continually by outward and visible signs such as render it evident that the possession of the judgment debtor has ceased.' In Crandall v. Brown, 18 Hun, 461, it was said that 'constructive possession cannot be taken under a chattel mortgage'; that 'possession must be taken in fact'; and that 'possession cannot be taken by words and inspection.'"

And such is the uniform rule established by the authorities. Camp v. Camp, 2 Hill, 628; Porter v. Parmley, 52 N. Y. 185; Beskin v. Feigenspan, 32 App. Div. 29, 52 N. Y. Supp. 750.

Upon the facts as established by this trial, only a constructive possession was taken of the property, as the plaintiff merely laid his hands upon it, and asserted his right to the possession, but did not remove it, although it permitted of removal, but left it, without change, in the same custody as before. Upon the trial the court charged the jury that after the 5th day of August, 1898, the plaintiff was and continued to be the owner of the property sold by the sheriff. To this charge an exception was taken. It is clear that upon the testimony the court should have charged that, as against the judgment creditor and the defendant, the plaintiff's security was void, and constituted no obstacle to the sheriff in the execution of his process. This conclusion results in a reversal of this judgment. In view of the undisputed character of this proof and the conclusion which we have reached, it is not essential that any other question which the case presents should be discussed, for, unless the facts be radically changed, it is evident that there can be no recovery in this action.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.