(96 App. Div. 65.)

## DICKINSON v. OLIVER.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. BILL OF SALE—CHATTEL MORTGAGES—FRAUD.

D., being indebted to defendant, and having previously given him a
chattel mortgage on certain farm property, including young stock, which
had not been recorded, executed a bill of sale to defendant of the property
covered by the mortgage, it being agreed that defendant would go to the
farm and take possession of the property three days thereafter. De-
fendant did not surrender the chattel mortgage and notes secured thereby
until he went to take possession of the property, when he gave D. a lease
of the same for a year for the sum of $42, which was the exact amount
of legal interest on the indebtedness. The lease also provided that if D.
at any time prior to a date specified should pay defendant the purchase
price of the property and interest, defendant would resell the same to him.
The evidence was conflicting as to when the agreement to lease was made,
but the value of the property was largely in excess of the purchase price.
Held, that the bill of sale and lease constituted a chattel mortgage,
which, not being filed, was void as against D.'s creditors.

2. SAME—APPEAL—SUFFICIENCY OF EVIDENCE—NONSUIT—REVIEW.

Since the Appellate Division is entitled to review questions of law and
fact, and reverse where the judgment is against the weight of the evidence,
it has jurisdiction to reverse a judgment based on a verdict, where there
was no evidence sufficient to go to the jury, though defendant did not move
for a nonsuit at the close of the evidence in the trial court.

Parker, P. J., and Houghton, J., dissenting.

Appeal from Trial Term, Delaware County.

Action by Barney Dickinson against William C. Oliver. From
a judgment in favor of defendant, and from an order denying plain-
tiff's motion for a new trial, he appeals. Reversed.

This action is brought by the sheriff of Delaware county to recover from
the defendant in conversion the value of certain property which was levied
upon by the plaintiff as the property of Archibald W. Dickson upon a judg-
ment against said Dickson. The property was in the possession of Dickson
at the time of the levy. Thereafter the defendant took possession of the
property under an instrument claimed to be a bill of sale executed by the said
Dickson to him prior thereto.

In 1889 Dickson purchased a farm, which was subject to a mortgage held
by the defendant. This mortgage Dickson assumed to pay. Thereafter, hav-
ing become indebted to defendant for past interest unpaid upon that mort-
gage, and for a store bill, Dickson gave to defendant, upon the 5th day of
February, 1900, a chattel mortgage covering the property in dispute, to secure
the payment of six hundred and odd dollars, with interest. This mortgage was
never filed, and upon the 27th day of August 1900, this mortgage was sur-
rendered, and a note taken from Dickson for the same sum, together with in-
terest, and a new chattel mortgage upon the same property. This second
mortgage was not filed, and upon the 8th day of November, 1900, Dickson

gave to Oliver a bill of sale in consideration, as it is recited, of $700. This $700 consisted of the indebtedness owing by Dickson to Oliver and of about $27 paid at the time by Oliver upon the order of Dickson, and six dollars and some cents paid in cash by Oliver to Dickson. This bill of sale was drawn upon the 9th day of November. This was on Friday. It was agreed that upon the Monday following, or the 12th of November, Oliver should go to the farm of Dickson, and take possession of the property. Upon that date the defendant, Oliver, went to the farm of Dickson, was shown the property, put his hands upon some of it, and assumed to take possession. Then he delivered up the old chattel mortgage and note which he had taken the August preceding, and executed and gave to Dickson a lease of this same property for a year for the sum of $42, with the provision in said lease that, "if said Dickson shall at any time before November 12, 1901, pay said Oliver the amount of said purchase price of said property and interest, then said Oliver agrees to sell the same to him for that sum, and deliver what remains of the property upon payment thereof." There is some dispute as to whether this lease was agreed upon prior to the time of the execution of the bill of sale upon November 9th. That bill of sale was executed at night in the office of Mr. Johnson, at Andes. Mr. Dickson swears that before the execution of the bill of sale it was, agreed that the property should be leased back with a right of repurchase. Upon that question Mr. Oliver swears that "it was talked before that we might make some arrangement by which I could lease it to him. I say the lease was not drawn that night. It was arranged that night—the terms of it—after the bill of sale was drawn. * * * I think the terms of the lease were sort of agreed upon that night, and the lease was drawn on the following day, and taken up to the farm. The arrangement was made that night that he should remain in possession of the property, and should take a lease of it for a year for $42. After the bill of sale was drawn, we discussed the lease, and that he could pay up the amount he was owing me at any time during the year, and have the property. That is my recollection of the arrangement that was made that night, and we discussed the arrangement of the lease as to what we should have in it. The bill of sale was drawn on the night of the 9th, and delivered to me." At the close of the evidence the trial court submitted to the jury two questions: First. Whether the bill of sale and the lease were intended as a chattel mortgage; that is, merely as security. Secondly. Whether the transfer, not having been accompanied by an immediate and continued change of possession, was fraudulent as to creditors. The jury found in favor of the defendant upon both questions. From the judgment entered upon the verdict, and from the order denying the motion for a new trial, this appeal is taken.

Wagner & Fisher, for appellant.

B. & C. B. Johnson (Barna Johnson, of counsel), for respondent.

SMITH, J. The inference is to my mind irresistible that these papers were executed simply to give security to Oliver for the moneys owing. That, in legal effect, constituted a chattel mortgage, which was void as against the plaintiff because not filed. Although the bill of sale was signed and delivered upon November 9th, the mortgage and note, which were to be replaced thereby, were not surrendered until the 12th, at which time the defendant assumed to take possession of the property, and upon which date this lease was executed. The bill of sale, therefore, and the lease must be construed together to determine the legal effect of the transaction.

These papers were but a substitute for a note and chattel mortgage already held by defendant, which chattel mortgage Dickson had requested should not be filed. Dickson retained actual possession. All of the property purchased was leased by Oliver to Dickson for $42, the exact amount of the legal interest upon the $700

owing by Dickson to Oliver. The right of repurchase was there given, which would seem to preclude any right in Oliver to sell the same until the time for the repurchase had elapsed. The rental value of the property leased was much in excess, as appeared by the evidence, of the $42, and much of the property leased was property from which Dickson could obtain no profit by leasing, and which would be to him simply an expense; as, for instance, the young stock he was required to feed. This inference is not only reached from the testimony of Oliver in connection with the construction of the papers executed, but would follow logically the testimony of Johnson, Oliver's attorney, as to what transpired at the time of the execution of the so-called bill of sale. All of the evidence seems to point unerringly to the conclusion that Oliver was simply taking a security which he thought would not have to be filed. In Susman v. Whyard, 149 N. Y. 127, 43 N. E. 413, the headnote reads:

"Where the provisions of an instrument which is in form an absolute bill of sale, taken in connection with the surrounding facts, indicate that the parties contemplated a loan of money and a sale of the property, upon the condition, however, that the property should be returned upon the payment of the money so loaned, the instrument is in effect a chattel mortgage, and the fact that it employs the term 'resale' will not change its meaning when no other sum than the amount of the loan is mentioned or contemplated as the price of such resale."

It is very evident that if papers such as were here executed can have the effect claimed for them, they constitute a lawful substitute for a chattel mortgage without the necessity of filing the same, and the provision of law as to the filing of a chattel mortgage may thus be evaded. That provision of law is a salutary one made for the protection of creditors as against secret liens. The courts should not be astute to find ways of rendering nugatory a salutary provision of law for the protection of innocent creditors. We are of opinion, therefore, that the trial court erred in submitting this as a question of fact to the jury, and should have held as matter of law that these papers did, in effect, constitute a chattel mortgage which was void as against the plaintiff.

The respondent insists that the appellant is not entitled to raise this question on appeal, because no motion for a directed verdict was made at the trial, and no exception was taken to the charge of the court submitting the question to the jury. That the appellant may raise the question here without having moved for a directed verdict at the trial has been established in this department in the case of McGrath v. Home Insurance Company, 88 App. Div. 153, 84 N. Y. Supp. 374.

Judgment and order reversed, and a new trial granted, with costs to appellant to abide the event. All concur, except PARKER, P. J., and HOUGHTON, J., who dissent.