BURTON H. SHELDON, Respondent, v. FRANK McFEE
et al., Appellants.

*Chattel mortgage — when bill of sale filed pursuant to the Lien
Law (Cons. Laws, ch. 33, § 230) operates as a chattel mortgage.*

A bill of sale absolute on its face, but intended to operate
as a mortgage of the goods and chattels therein mentioned and
described, when filed pursuant to the provisions of article 10 of the
Lien Law (Cons. Laws, ch. 33), is notice to a subsequent purchaser
in good faith, although there is nothing in the instrument itself
expressing such intention and there is not filed therewith any
other or further paper showing that the sale was intended to
operate as a mortgage of goods and chattels.   (§ 230.)

*Sheldon* v. *McFee*, 160 App. Div. 361, affirmed.

(Argued December 16, 1915; decided January 11, 1916.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the third judicial department,
entered January 28, 1914, affirming a judgment in favor
of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*George Wohlleben* for appellants.   Bills of sale come
under the Personal Property Law, and chattel mortgages
come under the Lien Law.   (*Prentice* v. *Slack*, 1 Hill, 468;
*Young* v. *Wedderspoon*, 70 Misc. Rep. 175; 19 Misc. Rep.
165; *Butler* v. *Van Wyck*, 1 Hill, 450; *Webb* v. *Rice*, 6
Hill, 219; *Gardner* v. *Adams*, 12 Wend. 297; *Doane* v.
*Eddy*, 16 Wend. 253; *Randall* v. *Cook*, 17 Wend. 53;
*Beekman* v. *Bond*, 19 Wend. 444; 165 N. Y. 90.)   At the
time that Mrs. White traded safes with the Carey Safe
Company, through their agent, Mr. Beebe, in the month
of May, 1910, there was nothing on record in the city
clerk's office such as is required under the statutes,
which would inform any one that Mrs. White or any one
else had given a chattel mortgage on the safe.   (*Dickin-*

son v. *Oliver*, 96 App. Div. 65; *Tooker* v. *Siegel-Cooper Co.*, 194 N. Y. 442.)

*Alva Seybolt* for respondent.  The bill of sale absolute on its face executed by Fleming to plaintiff at Mrs. White's request and properly filed was to all intents and purposes a chattel mortgage and notice to the whole world of plaintiff's interest in the safe. (*Susman* v. *Whyard*, 149 N. Y. 127; *Bragelman* v. *Daue*, 69 N. Y. 69; *Woodworth* v. *Hodgson*, 59 Hun, 616; 129 N. Y. 669; *Juillard* v. *Chaffee*, 92 N. Y. 529; *Coleman* v. *Bank of Elmira*, 53 N. Y. 389.)

CHASE, J.  This is an action to recover damages for the conversion of a safe.  In April, 1910, one Fleming, then the owner of the safe and certain other office furniture, in the city of Oneonta, and as a part of a transaction which included the transfer of his interest in a real estate and insurance business and said safe and office furniture to his partner, White, executed and delivered to the plaintiff an instrument in the form of a bill of sale which purported, for the express consideration of one dollar and other valuable considerations, to transfer to the plaintiff the safe and office furniture.  As a part of the transaction said White executed a similar instrument to the plaintiff for the expressed consideration of $400 by which she transferred to the plaintiff certain household furniture. As a part of the transaction White borrowed of the plaintiff $700 and gave to him a series of promissory notes dated April 15, 1910, on most of which was indorsed " Bill of Sale, dated April 15, 1910, on household goods and office furniture to secure payment of within note."  The bills of sale were in fact given as collateral security for the payment of said notes and each of them.  On April 29 the bill of sale from Fleming to plaintiff was by the plaintiff filed in the office of the clerk of the city of Oneonta, in which city the parties resided.  Sometime thereafter

White exchanged the safe in question for another safe, and the purchaser of the safe in question on the exchange of property sold the same to a person who subsequently sold such safe to the defendants in this action who have the possession thereof. There is default in the payment of a part of the amount of said loan. Before this action was commenced the plaintiff demanded the possession of said safe from the defendants and it was refused.

All of the questions of fact affecting the issues have been passed upon by a jury adversely to the defendants, and there is some evidence on which to base the findings of the jury upon each of the questions submitted to it. There is a question of law presented for our consideration, and that question is whether when a bill of sale absolute on its face, but in fact intended to operate as a mortgage of goods and chattels is filed pursuant to the provisions of article 10 of the Lien Law, it is notice to a subsequent purchaser in good faith, although there is nothing in the instrument itself expressing such intention and there is not filed therewith any other or further paper showing that the sale was intended to operate as a mortgage of goods and chattels.

We think the question is answered by the express language of the statute. It is provided by section 230 of the Lien Law (Cons. Laws, ch. 33) that "Every mortgage or *conveyance intended to operate as a mortgage of goods and chattels* * * * which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage, or a true copy thereof, is filed as directed in this article."

The city clerk of the city of Oneonta placed the instrument in question on file and indorsed thereon the time of its receipt, and the record book kept in the office of said clerk shows that it was so filed April 29, 1910, 4 P. M.

Within thirty days next preceding the expiration of one year from the time of filing the same the plaintiff filed a renewal of the instrument, describing it and calling it a chattel mortgage, and asserting in such renewal that there remained unpaid of the amount secured by said mortgage the sum of $400 and interest thereon from a day specified.

The statutes do not provide for filing an instrument intended as an absolute transfer of personal property, but require an immediate delivery of the property followed by actual and continued change of possession to avoid a presumption of fraud. (Personal Property Law [Cons. Laws, ch. 41], § 36.) The intention of the statute first quoted is clear, and a reference to some of the decisions of our courts will show that a conveyance intended to operate as a mortgage of goods and chattels has at all times been treated under that statute the same as a chattel mortgage.

The right to redeem is the essential characteristic of a mortgage, and a bill of sale of chattels with a separate defeasance is as clearly a mortgage as if the defeasance formed a part of the bill of sale. (*Mooney* v. *Byrne,* 163 N. Y. 86, 92; *Brown* v. *Bement,* 8 Johns. 96; Jones on Chattel Mortgages, § 19.) An agreement to sell the same property, for the same price, made at the same time, and between the same parties, is a defeasance. (*Dickinson* v. *Oliver,* 195 N. Y. 238, 246.)

A bill of sale absolute on its face transferring property to be held as security for the payment of a debt due the vendee is in character and effect a mortgage and is to be treated as such. (*Smith* v. *Beattie,* 31 N. Y. 542; *Woodworth* v. *Hodgson,* 56 Hun, 236; *Kings County Bank* v. *Courtney,* 69 Hun, 152; *Susman* v. *Whyard,* 149 N. Y. 127; *Dickinson* v. *Oliver,* 96 App. Div. 65; *S. C.,* 195 N. Y. 238, affirming 127 App. Div. 932; *Sloan* v. *National Surety Co.,* 74 App. Div. 417.) And this is true, not only as between the parties to the transaction, but also as to

third parties who are affected with notice. (5 Ruling Case Law, 388.) It may be shown by parol. (*Despard* v. *Walbridge*, 15 N. Y. 374; *Horn* v. *Keteltas*, 46 N. Y. 605; *Barry* v. *Colville*, 129 N. Y. 302.) The intention may be manifested by the instrument itself, or by a written instrument of defeasance executed simultaneously with the conveyance or by the parol declaration or even the acts of the parties. (*Clark* v. *Henry*, 2 Cow. 324.)

Where a bill of sale absolute upon its face is in fact given as security for the payment of a debt due the vendee it must be filed in accordance with the statute. (Lien Law, § 230; *Woodworth* v. *Hodgson, supra; Preston* v. *Southwick*, 115 N. Y. 139; *Kings County Bank* v. *Courtney, supra; Sloan* v. *National Surety Co., supra.*)

In the *Preston* case, referring to certain bills of sale therein described, the court say: "If they be considered as absolute bills of sale, they were not required to be filed, as it is only 'mortgages or conveyances intended to operate as mortgages of goods,' etc., that are referred to in the statute requiring filing. (§ 1, chap. 279, Laws of 1833.) If we regard them as conveyances, intended to operate as mortgages, then they were properly filed in accordance with the statute." (p. 148.)

It was therein claimed by the appellant that the evidence shows that the transfers were intended to operate as mortgages only and that because this intent did not appear in the instruments filed the filing did not satisfy the requirements of the statute. It appeared that a subsequent paper was executed which it was claimed by appellant was a defeasance. The court say: "There was no necessity for or propriety in the filing of this paper with the bills of sale. The instruments required to be filed are: *First.* Mortgages; that is, instruments having the form and character of mortgages. *Second.* Conveyances intended to operate as mortgages. It is quite immaterial how this intention is expressed, whether in writing or by parol. However it exists, the require-

ment of the statute is that the conveyance shall be filed. It is quite obvious that the statute did not intend to require the filing of an intention, as that would be physically impossible if resting in parol alone. The existence of a parol agreement between parties that a conveyance shall be regarded as a security for a debt, undoubtedly invests it in many respects with the characteristics of a mortgage; but, strictly speaking, it does not make it a mortgage. It must, then, be filed as a conveyance or bill of sale, and the extrinsic agreement forms no part of the instrument required to be filed." (p. 149.)

At the time of the commencement of this action the legal title to the safe was vested in the plaintiff, and he could maintain the action. (*Bragelman* v. *Daue*, 69 N. Y. 69.)

It must have been found as a fact by the jury that the bill of sale in question was intended to operate as a mortgage of goods and chattels, and that it was properly filed in the city clerk's office. By the terms of the statute such filing was constructive notice to the defendants of the plaintiff's claim.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment affirmed.