STEPHEN F. BURTON, Plaintiff, *v.* HENRY KLEIN and Another, Defendants.

Supreme Court, E ie County, January 15, 1930.

*Irving M. Weiss,* for the plaintiff.

*Carl L. Fritton,* for the defendants.

LYTLE, J. This is an action, submitted upon an agreed statement of facts, for the recovery of two registered Holstein milch cows, and for the value of said cows in the event that a delivery of said cows cannot be made to the plaintiff herein.

Alvin H. Moll and Elsie L. Moll, his wife, on the 1st day of August, 1928, executed and delivered to Stephen F. Burton a chattel mortgage covering all the goods, chattels and property mentioned and described in the attached inventory, and all additions thereto or renewals thereof. It was also provided that said mortgagors

agreed to make and deliver to the said mortgagee a new chattel mortgage on January second of each year covering any and all additions to the stock, machinery or equipment of the farm.

This chattel mortgage was duly filed in the proper place, in the office of the town clerk of the town of Lewiston, county of Niagara and State of New York, on August 1, 1928. It was given as collateral security for the payment of a real estate bond and mortgage in the sum of $24,000. The real estate bond and mortgage and the chattel mortgage were given to secure a portion of the unpaid purchase price of the farm and equipment thereon.

It appears from the stipulated facts that prior to November 28, 1928, the plaintiff advanced to said Alvin H. Moll and Elsie L. Moll, from time to time, sums of money aggregating in all $6,000 for running expenses, labor, supplies, stock, tools, machinery and equipment, and for the remodeling and modernizing the dairy barn and building of a new silo, and also for the purpose of enabling said Molls to store and hold the apple crop for better prices. In addition to these advances, in order to pay the bills of Alvin H. Moll and to purchase sixteen milch cows and one bull, the plaintiff made arrangements at his own bank, upon his own personal credit, on the notes of said Moll and indorsed by the plaintiff, secured by warehouse receipts, the sum of $5,200 was borrowed on November 28, 1928, at a bank and turned over to said Alvin H. Moll. Sixteen cows and one bull were purchased and placed on the farm, including the two registered Holstein cows in question. In the month of December, 1928, pursuant to the same arrangement, an additional sum of $1,800 was borrowed at the bank and turned over to said Moll.

. The warehouse receipts, given to secure said loans at the bank covered 8,666 bushels of tree-run apples stored in the name of Alvin H. Moll, in storage warehouse at Modeltown, N. Y. The sale of the apples was intrusted to the American Fruit Growers, Inc., of Lockport, N. Y., who made an advance on them in the sum of $4,000, which was paid to the bank to reduce the loan by that amount.

On January 2, 1929, the said Molls failed to execute and deliver a new chattel mortgage covering all the personalty on the farm as of January 2, 1929, and the plaintiff did not demand said new chattel mortgage for the parties were expecting a sale of the apples in storage, and that after an accounting between them they would redraw a chattel mortgage based upon the status of such accounting.

On or about April 1, 1929, the Molls decided to abandon the farm and offered to reconvey and retransfer to the plaintiff all

the farm and equipment, including the cows in question if he would release them from the $6,000 obligation because of advances, and the $24,000 bond and mortgage, and procure their release from a first mortgage upon the farm premises and a release of liability as makers upon notes at the bank.

On April 4, 1929, while the chattel mortgage was on file, of which defendants had constructive notice, said Moll sold two registered Holstein cows at that time on the farm for $150 each, one to Mr. Moll's father-in-law, defendant Charles Hamann, and one to a neighboring friend, defendant Henry Klein. Said cows Molls purchased at a price of $225 a piece.

On the 12th day of April, 1929, Alvin H. Moll and Elsie L. Moll went into voluntary bankruptcy. The plaintiff purchased in bankruptcy court both the real and personal property, and received a deed from the trustee and a quitclaim deed of said bankrupts.

The parties further stipulate the form of judgment if the issues are determined in favor of the plaintiff.

The defendants contend that they are purchasers for value and that the chattel mortgage is inoperative, null and void as against said defendants as against all after-acquired property not mentioned in the schedules attached to the said chattel mortgage. The defendants further contend that the mortgage has been fully paid and satisfied because of the plaintiff's acceptance of the quitclaim deed to the farm premises, thereby merging the mortgage interest with the fee, and thus extinguishing the principal mortgage obligation.

In determining whether the chattel mortgage covered the two cows, the court must, as nearly as possible, carry out the intention of the parties. The chattel mortgage specifically provides that it is to cover the property described " in the attached inventory and all additions thereto or renewals thereof." As between the parties to the chattel mortgage, the mortgage operated as a contract to give a lien on the property to be acquired, taking effect as a mortgage as soon as the property is acquired by the mortgagors. (*Perkins* v. *Batterson*, 66 Hun, 583; *MacDonnell* v. *Buffalo Loan, Trust & Safe Deposit Co.*, 193 N. Y. 92, 104.)

The chattel mortgage was properly filed and was notice to the defendants and all the world. While the chattel mortgage was still on file the defendants purchased the cows in question. The defendants, therefore, purchased the cows subject to the lien of the chattel mortgage. (*Sheldon* v. *McFee*, 160 App. Div. 361; affd., 216 N. Y. 618.)

The mortgage specifically provided that the mortgagors shall not sell any of the chattels or property without the consent of the

mortgagee. The sale was made without the consent of the mortgagee.

The defendants' contention that the mortgage obligation has been extinguished because of the plaintiff's acceptance of a quitclaim deed to the premises is untenable. Whether there was a merger depends upon the intention of the parties and other equitable considerations.

In Gerard on Real Property it is said (§ 459): " Intention of Parties. Although at law when the greater and lesser estates meet and coincide in the same person, the lesser estate becomes annihilated, in equity the rule is not inflexible. There, it depends on the intention of the parties and other equitable considerations. Merger is not favored in equity, and is generally allowed merely to promote the intention of the party. At law, merger will operate, even though one of the estates be held in trust, and the other beneficially, by the same person; or if both the estates were held by the same person on different trusts. Equity, however, would interpose and prevent the merging, if the justice of the case required it. As a general rule, an equitable estate would merge in the legal title subsequently acquired by the *cestui que* trust. In equity, the rule would be modified by the intention of the party and the requirements of justice, so that the equitable estate, if necessary, might be kept in existence." (Citing a number of New York cases as authority.)

The plaintiff, therefore, is entitled to judgment declaring that he is entitled to the possession of the cows in question, and findings and conclusions of law, together with the judgment as stipulated, may be prepared and submitted.